IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01649-PAB-CBS

WILLIAM BAKER,

    Plaintiff,

v.

VAIL RESORTS MANAGEMENT COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on a Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment [Docket No. 37]. The parties request that the Court approve their settlement agreement, which resolves all of plaintiff's claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

Starting in November 2007, plaintiff worked for defendant as a non-exempt hourly employee. Docket No. 12 at 3, ¶ 23. Plaintiff's job title was "race crew lead." *Id*. Plaintiff alleges he was required to clock out for 30-minute lunch breaks, but claims he was required to remain on the premises and perform his duties through meal breaks. *Id*. at 3, ¶ 28. Plaintiff claims that, after voicing his concerns to his supervisor, the supervisor altered his time sheets. *Id*. at 4, ¶¶ 31-32. Plaintiff alleges that his work hours were not properly calculated with respect to work during 30-minute meal breaks, resulting in defendant's failure to compensate him for wages related to meal periods, including overtime. *Id*. On June 24, 2013, plaintiff filed this case against defendant

bringing claims under the FLSA and the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 *et seq. Id.* at 1.

On January 10, 2014, the parties filed the present motion stating that they have reached a settlement agreement with regard to the FLSA claims and requesting that the Court approve the agreement. Docket No. 37. On January 17, 2014, the Court issued an Order to Show Cause why the amount of attorney fees awarded in the settlement agreement was reasonable. Docket No. 38. On January 23, 2014, plaintiff filed a Response to the Show Cause Order. Docket No. 39.

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Lynn's Food Stores*, 679 F.2d at 1354.

## I. BONA FIDE DISPUTE

Parties requesting approval of an FLSA settlement must provide the Court with

sufficient information to determine whether a bona fide dispute exists.  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010).  To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.  *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718 (E.D. La. 2008).  The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement.  *Id*. at 719-20.

Plaintiff claims that defendant improperly calculated his hours worked with respect to his 30-minute meal periods.  Docket No. 1 at 4, ¶¶ 31-32.  Defendant claims that it properly calculated plaintiff's hours and properly compensated plaintiff for all hours actually worked.  Docket No. 14 at 2.  Defendant indicates that plaintiff was employed on a seasonal basis as a part of the race crew at Beaver Creek Resort.  *Id.*  Plaintiff assisted in setting up and operating race events at the resort.  *Id.*  Defendant admits that 30-minute unpaid lunch periods were automatically deducted from plaintiff's wages.  *Id.*  Defendant disputes plaintiff's claim for overtime wages because it argues that plaintiff completed an "Exception Report" whenever he was required to work during a lunch break.  *Id.*  Whenever plaintiff completed a report, defendant claims that plaintiff was paid for his work during that particular lunch break.  *Id.*  Plaintiff argues that defendant placed him in an improper position by requiring him to clock out during

breaks, but requiring him to continue working. Docket No. 12 at 3, ¶ 29. The parties dispute the computation of wages owed. Plaintiff claims that he worked 45 hours or more per week and is entitled to regular hourly wages of $14.56 per hour and overtime of $21.84 per hour for all uncompensated time over a three-year period. *Id.* at 4, ¶¶ 30, 39-41. Defendant does not provide any estimate of the hours worked and the applicable wage, but disputes that plaintiff could have consistently worked 45 hours a week simply by working through every 30-minute lunch break over the course of a five-day work week. Docket No. 14 at 11. The Court finds that a bona fide dispute exists.

## II. FAIR AND REASONABLE

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales. Courts considering both individual and collective settlements under the FLSA turn to the factors for evaluating the fairness of a class action settlement. *See, e.g.*, *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (evaluating individual action); *Collins*, 568 F. Supp. 2d at 721 (evaluating collective action). The Tenth Circuit considers the following factors when deciding whether to approve a class action settlement under Fed. R. Civ. P. 23(e): (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

Under the terms of the settlement agreement, defendants agree to pay plaintiff the gross amount of $5,500.00, of which plaintiff will retain $2,772.35.  Docket No. 37-1 at 2.  The remaining $2,727.65 will be paid to plaintiff's counsel for attorney fees and costs.  *Id.*  According to the parties, this amount reflects more than plaintiff could recover had plaintiff been compensated for all reasonably ascertainable meal periods for which plaintiff was entitled to be compensated, but less than the amount plaintiff could recover if the Court were to find that plaintiff was entitled to liquidated damages.  Docket No. 37 at 4.  Although defendant disputes the factual basis of plaintiff's claims, the parties represent that the complexity of issues, expense of litigation, and the likely duration of the litigation make the settlement a fair one.  *Id.* at 3.  Moreover, plaintiff and defendant are represented by experienced counsel who believe that the settlement is fair and reasonable.  *Id.* at 4.  Based on the foregoing, the Court finds that the evidence suggests that the parties fairly and honestly negotiated the settlement.

Next, the Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power.  To determine whether a settlement agreement complies with the FLSA, courts look at the following factors: (1) presence of other similarly situated employees; (2) a likelihood that plaintiffs' circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA.  *Dees*, 706 F. Supp. 2d at 1244.  The record shows that no other similarly situated employees have sought to join this action.  In addition, there is no evidence that defendants' alleged failure to comply with the FLSA represents a continuing violation or is part of widespread conduct.  *See* Docket 37 at 4.  Moreover, plaintiff is no longer

employed by defendant. *Id.* Because the settlement agreement contains no confidentiality provision, the terms of the settlement are public; thus, this case would give notice to future plaintiffs of prior allegations of defendant's improper conduct. *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases).

## III. ATTORNEYS' FEES

The parties represent that plaintiff's recovery was addressed independently of attorneys' fees considerations and that his recovery was not influenced by the issue of attorneys' fees. Docket No. 37 at 4. However, the Court must also examine whether the award of $2,727.65 in attorneys' fees and costs is reasonable. *See Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (unpublished) (holding that contingency contract between counsel and plaintiff did not abrogate court's duty to review the reasonableness of legal fees in an FLSA settlement). To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount," which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 587-88 (Colo. App. 2000). The lodestar amount may be adjusted based upon several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved. *See Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996). A party seeking an award of attorney's fees must

establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

Plaintiff submits affidavits from two attorneys. Morgan Carroll's hourly rate is $350. Ms. Carroll indicates that she has been practicing since 2000. Docket No. 39 at 7-8. Karen O'Connor's hourly rate is $350. Ms. O'Connor indicates she has been practicing for seven years and avers that $350 per hour is the prevailing rate for employment attorneys. Docket No. 39 at 9. A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy its burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). Because plaintiff has not provided any additional evidence in support of the proposed rate, the Court can adjust the rate based on its own familiarity with the range of prevailing rates in the Denver market. *See generally Guides, Ltd.*, 295 F.3d at 1079 ("where a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate"). The Court finds that $280 is a reasonable rate in FLSA cases for attorneys of Ms. Carroll's and Ms. O'Connor's experience. *See, e.g.*,

*Olivares v. UFP Lafayette, LLC*, No. 12-cv-01082-CMA-KLM, 2013 WL 2477124, at *1 (D. Colo. June 10, 2013) (approving $280 hourly rate for lead counsel and $200 hourly rate for associate attorney in FLSA case); *Horne v. Scott's Concrete Contractor, LLC*, No. 12-cv-01445-WYD-KLM, 2013 WL 3713905, at *10 (D. Colo. April 24, 2013) (finding $250 and $200 reasonable hourly rates for attorneys in FLSA case).

Ms. Carroll indicates that she spent 7.3 hours working on plaintiff's case and submitted an itemized list of the work she completed. Docket No. 39 at 7-8. Ms. O'Connor spent 10.1 hours working on plaintiff's case and provided contemporaneous billing records of her work on plaintiff's case. *Id.* at 9-13. After reviewing the affidavits and billing records of both counsel, the Court is satisfied that the 17.4 hours Ms. Carroll and Ms. O'Connor billed in this matter consisted of tasks that would ordinarily be billed to the client and that counsel exercised proper billing judgment. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4 (1987).

After reducing Ms. Carroll's and Ms. O'Connor's hourly rates to $280, the Court finds that the lodestar amount is $4872 and, as such, the $2,727.65 awarded in this case is reasonable.[1] Therefore, the Court will approve the parties' settlement

---

[1] Plaintiff also represents that Colleen Calandra worked on this matter from March 27, 2013 until September 16, 2013, when she withdrew as counsel. Docket No. 39 at 1. Plaintiff indicates that Ms. Calandra did not keep contemporaneous records and, for ethical reasons, does not attempt to re-create the time Ms. Calandra spent on plaintiff's case. *Id.* Nonetheless, plaintiff provides a list of work Ms. Calandra completed during her involvement with plaintiff's case. *Id.* at 1-4. Plaintiff also represents that his attorneys advanced costs in the amount of $527.65. *Id.* at 5. Because the Court finds that the award of attorneys' fees is reasonable based solely on the work performed by Ms. Carroll and Ms. O'Connor, the Court need not incorporate Ms. Calandra's time or plaintiff's representation regarding costs into a calculation of the lodestar amount.

agreement.

The parties' joint motion also requests that the Court, upon approval of the settlement agreement, dismiss this action with prejudice. Docket No. 37 at 1. Thus, the Court will dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

For the foregoing reasons, it is

**ORDERED** that the Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment [Docket No. 37] is **GRANTED**. It is further

**ORDERED** that the Order to Show Cause [Docket No. 38] is hereby discharged. It is further

**ORDERED** that this case is dismissed with prejudice in its entirety.


DATED February 24, 2014.

                                                             BY THE COURT:


                                                           s/Philip A. Brimmer
                                                           PHILIP A. BRIMMER
                                                           United States District Judge